IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| JOHN DOE, INDIVIDUALLY AND AS NEXT OF FRIEND OF SARAH DOE, A MINOR | § § § § | |
| v. | § § | CIVIL ACTION NO. _____ |
| | § § | |
| DONNA INDEPENDENT SCHOOL DISTRICT | § § | |

**PLAINTIFF'S ORIGINAL COMPLAINT
AND DEMAND FOR JURY TRIAL**

**I.      Introduction**

1.1    This is an action for money damages brought on behalf of a minor child by her father against Donna Independent School District arising out of the repeated sexual harassment of the child by one of the District's employees.  The sexual harassment began during 2014-2015 school year, when the minor child was in fourth grade. The sexual harassment continued until approximately September 2016, when the minor child was in sixth grade. The child's right of action is implied under Title IX of the Education Amendments of 1972, 86 Stat. 373, as amended, 20 U.S.C. §1681, *et seq.*

**II.     Parties**

2.1    Plaintiff Sarah Doe is a minor and her father, John Doe, is an adult.  Both are residents of Hidalgo County, Texas.  John Doe sues as Sarah Doe's next friend.  He also sues individually for those expenses he has incurred in the past and is reasonably likely to incur in the future, until Sarah reaches 18 years of age, for her medical care arising out the sexual harassment and abuse.

2.2     Defendant DONNA INDEPENDENT SCHOOL DISTRICT (hereinafter "Defendant DONNA ISD"), is political subdivision of Hidalgo County, Texas.  Defendant District is responsible for the policies, practices, and customs of its school district, as well as the hiring, training, supervision, control, and discipline of its teachers, principals, and coaches.  DONNA ISD can be served with process by serving the Superintendent of Schools, Fernando Castillo, at 116 N. 10th Street, Donna, TX  78537.

### III.     Jurisdiction and Venue

3.1     Pursuant to 28 U.S.C. § 1331, this Court has original, federal question jurisdiction over Plaintiff's claims under Title IX of the Education Amendments of 1972, 86 Stat. 373, as amended, 20 U.S.C. §1681, *et seq.* ("Title IX").

3.2     Venue is proper in the Southern District of Texas because the conduct of which Plaintiff complains occurred in this District.  28 U.S.C. §1391(b)(2).

### IV.     Background

4.1     When it is alleged in this complaint that Defendant DONNA ISD committed any act and/or omission, it is meant that Defendant DONNA ISD and/or its officers, principles, agents, teachers, employees, or representatives committed such act and/or omission and that at the time, it was done with full authorization and/or ratification of Defendant DONNA ISD or done in the normal and routine course and scope of employment of Defendant DONNA ISD and/or its officers, principles, agents, teachers, employees, or representatives.

4.2     Beginning during the 2014-2015 school year, and continuing through 2016-2017 school year, Manuel Castillo, while under the employment, supervision and control of Defendant DONNA ISD as an assistant coach, sought after and sexually harassed

JANE DOE. Castillo's sexual harassment of JANE DOE included, but is not limited to, the following: the solicitation of inappropriate photos of JANE DOE, the dissemination of inappropriate photos and text messages to JANE DOE, inappropriate conversations with JANE DOE, and Castillo exposing his genitals to JANE DOE. At the time of the sexual harassment, Castillo was employed by Defendant Donna ISD as an Assistant Coach at A. M. Ochoa Elementary. JANE DOE was a fourth grade student attending A.M. Ochoa Elementary School.

4.3     During the 2014-2015 school year, two teachers employed at A.M. Ochoa Elementary suspected the sexual harassment of JANE DOE by DONNA ISD employee Manuel Castillo. The two teachers notified Sonia Ramos, Principal of A.M. Ochoa Elementary, in writing of the suspected sexual harassment of JANE DOE by Castillo. Principal Sonia Ramos was charged with the responsibility of enforcing the policy for investigating and discontinuing any sexual harassment of students by District employees. Principal Ramos failed to conduct an investigation into the allegations made against Castillo. Manuel Castillo continued to be employed at A. M. Ochoa Elementary until September 2016. During this time Castillo continued to the sexual harassment of JANE DOE as indicated above.

4.4     On or about September 1, 2016, the Donna I.S.D. Police Department began their investigation of Castillo. Principal Sonia Ramos was made aware of the ongoing investigation into Castillo. In response to the investigation, Principal Sonia Ramos falsified documents to show Manuel Castillo received Title IX training during an inservice on August 22, 2016 when no such training actually occurred. Principal Sonia Ramos

subsequently resigned from her position as Principal of A. M. Ochoa Elementary and is no longer employed at DONNA ISD.

4.5   Manuel Castillo was later arrested, indicted, and charged in Hidalgo County, Texas with sexual performance by a child, a first-degree felony, and indecency with a child, a third-degree felony.

4.6   Plaintiff alleges that in Castillo committing such acts and/or omissions, CASTILLO was the agent and employee of Defendant DONNA ISD and was acting within such agency and employment, and was acting under the color of state law.

4.7   At all pertinent times, Defendant DONNA ISD authorized and/or ratified the wrongful tortious acts and/or omissions described herein.  Such acts, committed as they were by a teacher for Defendant DONNA ISD are the acts of the District.

4.8   As a direct and proximate result of the said acts of DONNA ISD, JANE DOE, has suffered physical pain and suffering, and emotional trauma and suffering.

4.9   Plaintiff further alleges that Defendant DONNA ISD either knew or had constructive knowledge of Castillo's past history of improper sexual harassment of JANE DOE and potentially other students at DONNA ISD.  Defendant DONNA ISD did not follow DONNA ISD policy or state law, and they failed to take action to protect Plaintiff JANE DOE's rights.

4.10   At all pertinent times, Defendant DONNA ISD authorized and/or ratified the wrongful and tortious acts and/or omissions described herein.

## V.  Violation of Title IX

5.1   The allegations contained in paragraphs 4.1 through 4.10 are herein incorporated by reference, the same as if fully set forth *verbatim* for any and all purposes of this pleading.

5.2   Defendant DONNA ISD is a regular recipient of federal funding and has been at all times relevant to this facts giving rise to this cause.

5.3   Plaintiff contends that Defendant DONNA ISD's failure to have policies, procedures, practices, and customs in place to assure JANE DOE was not a victim of harassment and sexual abuse based upon her gender and/or sexual assaults violated her rights pursuant to Title IX of the Education Amendments of 1972 (Title IX), 86 Stat. 373, as amended, 20 U.S.C. § 1681 *et seq.*

5.4   Defendant DONNA ISD acted through Sonia Ramos, Principal of Ochoa Elementary. Principal Sonia Ramos actually knew about the danger posed by Castillo to students, including JANE DOE, and acted with deliberate indifference in failing to investigate, failing to follow any established policy for investigating threats to students from District employees like Castillo, and failing to take steps necessary to protect students like JANE DOE from Castillo.

5.5   The violation of Title IX by DONNA ISD was the proximate and producing cause of the sexual assault and molestation of JANE DOE.

## VI.  Damages

6.1   As a result of the foregoing unlawful and wrongful acts of Defendant, Plaintiff has been caused to suffer general damages that include, but are not limited to, the following: physical pain and mental anguish in the past and future; pain and suffering

in the past and future; past and future medical expenses including costs for psychological treatment and/or therapy; and severe emotional and mental distress in the past and future.

6.2     Pursuant to 42 U.S.C. § 1988, a prevailing party in a Title IX case is entitled to recover its attorney's fees and expert fees.  Hence, Plaintiff further prays for all costs, attorney fees, and expert fees associated with bringing the present case to trial.

6.3     Plaintiff asserts that all conditions precedent to filing suit have occurred.

6.4     Plaintiff demands a trial by jury for which the fee is separately tendered.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that upon trial upon the merits, Plaintiff recover compensatory damages against Defendant along with reasonable attorneys' fees, including costs and expert fees as allowed by law.  Further, Plaintiff prays for all pre-judgment and post-judgment interest at the highest rate allowed by law that can be assessed against Defendant in the event of recovery, and Plaintiff prays for any and all further relief, to which she may show herself to be entitled.

Respectfully submitted,

**GARCIA & OCHOA, L.L.P.**

By:   /s/ *Ricardo A. Garcia*
      Ricardo A. Garcia
      State Bar No. 07643200
      Lino H. Ochoa
      State Bar No. 00797168
      I. Cecilia Garza
      State Bar No. 24041627
      820 S. Main
      Veronica L. Sepulveda
      State Bar No. 24081144
      Siena P. Magallanes
      State Bar No. 240908028
      McAllen, TX 78501
      Telephone No.:  956/630-2882
      Telecopier No.:  956/630-5393
      E-mail:     ric@gomlaw.com

**ATTORNEYS FOR PLAINTIFF**